JS 44 (Rev. 3/99)

**ORIGINAL**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

FRESH AMERICA CORP.

**DEFENDANTS**

WAL-MART STORES, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Dallas & Denton C
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Benton Co.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Sherman & Yaquinto, L.L.P.
509 N. Montclair Avenue
Dallas, TX 75208-5498 (214) 942-5502

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | PRISONER PETITIONS | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 |
| | | ☐ 555 Prison Condition | | |

Personal Injury listings:
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY:
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Failure to make full payment promptly and maintain statutory trust pursuant to the Perishable Agricultural Commodities Act of 1930, as amended, 7 USC §499e(c)(4).

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $ $165,150.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE Jorge A. Solis    DOCKET NUMBER 3:03 cv 0152-P

DATE 6/9/03

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ORIGINAL

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRESH AMERICA CORP.<br>6600 LBJ Freeway, Suite 180<br>Dallas, Texas 75240<br>(972) 774-0575<br><br>Plaintiff<br><br>v.<br><br>WAL-MART STORES, INC.<br>1108 South East 10th Street<br>Bentonville, AR 72716-8006<br>(479) 273-4000<br><br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No: _____<br><br><br>3 03CV 1299 M |

JUN 10 2003
CLERK, U.S. DISTRICT COURT
By_____ Deputy

**COMPLAINT**
(To Enforce Payment From Produce Trust)

Plaintiff, Fresh America Corp., for its complaint against defendant, alleges:

<u>JURISDICTION AND VENUE</u>

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "the PACA"), 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

2. Venue in this District is based on 28 U.S.C. § 1391 in that plaintiff's claim arose in this District.

<u>PARTIES</u>

3. Plaintiff, a Texas corporation with its principal place of business in Dallas, Texas, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and

1

was at all times pertinent herein, a dealer subject to license under the provisions of the PACA as a dealer.

4. Defendant, an Arkansas corporation with its principal place of business in Bentonville, Arkansas, is engaged in the business of buying and selling wholesale quantities of perishable agriculture commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

## GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

6. Between June 6, 2002 and February 17, 2003, plaintiff sold and delivered to defendant in interstate commerce, wholesale amounts of produce worth $165,150.00.

7. Defendant accepted the produce from plaintiff.

8. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendant since the creation of the trust.

9. Plaintiff properly preserved its interest in the PACA trust in the amount of $165,150.00 and remains a beneficiary until full payment is made for the produce.

10. Defendant failed to pay plaintiff as required by the PACA.

## Count 1

(Failure to Pay Trust Funds)
(Wal-Mart Stores, Inc.)

11. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 10 above as if fully set forth herein.

12. The failure of defendant to make payment to plaintiff of trust funds in the amount of $165,150.00 from the statutory trust is a violation of PACA and PACA regulations, and is therefore unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $165,150.00 to plaintiff.

## Count 2

(Failure to Pay For Goods Sold)
(Wal-Mart Stores, Inc.)

13. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14. Defendant failed and refused to pay plaintiff $165,150.00 owed to plaintiff for produce received by defendant from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $165,150.00 against the defendant.

## Count 3

(Interest and Attorney's Fees)
(Wal-Mart Stores, Inc.)

15. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16. As a result of defendant's failure to make full payment promptly of $165,150.00, plaintiff has lost the use of said money.

17. As a further result of defendant's failure to make full payment promptly of $165,150.00, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

WHEREFORE, plaintiff requests judgment against the defendant for prejudgment interest, costs and attorneys fees.

Dated this 9th day of June, 2003

        SHERMAN & YAQUINTO, L.L.P.

        By: _____
        Robert Yaquinto, Jr.
        509 N. Montclair Avenue
        Dallas, Texas 75208-5498
        (214) 942-5502


        Attorney for Plaintiff