IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FRESH AMERICA CORP.,                   §
                                       §
        Plaintiff/Interpleader Defendant, §
                                       §
v.                                     §
                                       §
WAL-MART STORES, INC.,                 §          Civil Action No. 3:03-CV-1299-M
                                       §
        Defendant/Interpleader Plaintiff, §
                                       §
v.                                     §
                                       §
ALLEN LUND COMPANY,                    §
                                       §
        Interpleader Defendant.        §

**MEMORANDUM OPINION AND ORDER**

Before the Court is Allen Lund Company's ("Lund") Motion for Reconsideration, filed

on April 14, 2005.  For the reasons stated below, this Motion is **DENIED**.

Lund moves for reconsideration of the Court's March 31, 2005 Memorandum Opinion

and Order ("March 31 Opinion"), which granted Wal-Mart Stores, Inc.'s ("Wal-Mart") Motion

for Summary Judgment.  In the March 31 Opinion, the Court determined that this case is a true

statutory interpleader and thus, Wal-Mart was dismissed from the case.  Lund moves for

reconsideration of the March 31 Opinion because it believes that issues of material fact exist that

prevent the Court from being able to properly find for Wal-Mart.

The Federal Rules of Civil Procedure do not specifically provide for motions for

reconsideration.  *See Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000).

"When a party moves a court to reconsider its grant of summary judgment, the motion will be

recharacterized as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal

Rules of Civil Procedure and analyzed accordingly."  *W & T Offshore, Inc. v. United States*

1

*DOC*, No. 03-2285, 2004 U.S. Dist. LEXIS 25788, at *4 (E.D. La. Dec. 22, 2004) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)).  A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).  "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  "[T]he narrow purpose of [a Rule 59(e) motion is to] allow[] a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).  "[R]econsideration of a prior order is an extraordinary remedy that should be used sparingly.  In considering the motion . . . , 'the court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts.'"  *Ham v. Tucker*, No. SA-01-CA-0837-RF, 2005 U.S. Dist. LEXIS 4641, at *4 (W.D. Tex. Mar. 23, 2005) (citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir.1993)).  In order to prevail, the moving party must satisfy at least one of the following criteria: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law.  *Id.* at *3.

    Lund argues that there is an issue of material fact as to whether Wal-Mart is a "consignee" of the produce whose delivery charges are at issue in this case.  Lund states that the Court relied on a citation error in its Brief in order to conclude that Wal-Mart was not expressly designated as the consignee on any of the bills of lading presented to the Court.  Lund's assertion is incorrect.  The Court independently examined each of the bills of lading in evidence and found

that none of those documents specifically list Wal-Mart as the consignee. *Fresh Am. Corp. v. Wal-Mart Stores, Inc.,* No. 3:03-CV-1299-M, 2005 U.S. Dist. LEXIS 5177, *11 (N.D. Tex. Mar. 31, 2005). ("The Court's review indicates that none of the bills of lading presented by the parties list Wal-Mart as the consignee for the produce."). As stated in the March 31 Opinion, Lund was legally responsible for the creation of a bill of lading for each transaction. *Id.* Thus, Lund certainly would be the party best situated to provide the Court with a bill of lading that specifically identified Wal-Mart as the consignee, if such a document exists. It did not do so.

Lund also contends that Wal-Mart has independent liability to it as the beneficial owner of the produce at issue. This argument was briefed by Lund, Wal-Mart, and Fresh America, and the Court has considered the issue and finds no manifest error in its decision.

In its Motion for Reconsideration, Lund raises two arguments for the first time. First, Lund argues that Wal-Mart should be considered the consignee because of a definition in the Federal Bills of Lading Act, 49 U.S.C. § 80101. Second, Lund argues that Wal-Mart is an "implied" consignee. It is improper for Lund to raise arguments in its Motion for Reconsideration that could and should have been raised earlier. *See Templet*, 367 F.3d at 479. Lund not only filed a Response to Wal-Mart's Motion, but it also filed supplemental briefing. Lund had ample opportunity to raise any and all arguments that it felt should be before the Court. Neither of these arguments were previously presented and thus, they are waived. They also do not satisfy any of the four criteria in *Ham*, supra.

For the reasons stated above, Lund's Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

May 25, 2005.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE