IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRESH AMERICA CORP., | § § | |
| Plaintiff, | § | Civil Action No. 3:03-CV-1299-M |
| v. | § § | |
| ALLEN LUND COMPANY | § § | |
| Defendant, | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Allen Lund Company's ("Lund") Objections to Order on Motion for Attorneys' Fees, and Wal-Mart Stores, Inc.'s ("Wal-Mart") Partial Objection to Order on Motion for Attorneys' Fees, each filed on August 8, 2005. For the reasons stated below, the Objections are **OVERRULED.**

This case involves a dispute between Fresh America Corporation ("Fresh America") and Wal-Mart for unpaid produce charges, and claims by Lund against Fresh America and Wal-Mart for unpaid shipping charges for that produce. On August 4, 2003, Wal-Mart filed an interpleader complaint, disclaiming any interest in the $165,000 at issue, and seeking to have the Court determine which of the claimants, Fresh America or Lund, was entitled to the fund. On March 31, 2005, the Court determined that this was a proper case for statutory interpleader, and Wal-Mart was dismissed from the case. Shortly thereafter, Wal-Mart filed a Motion for Attorneys' Fees, seeking an award of $48,000. On June 2, 2005, pursuant to 28 U.S.C. § 636(b), this Court

1

referred Wal-Mart's Motion to Magistrate Judge Irma C. Ramirez for hearing, if necessary, and determination. *See Gregg v. Linder,* No. 02-1429, 2004 U.S. Dist. LEXIS 3518, at *7 (E.D. La. Mar. 8, 2004) (finding that a motion for attorneys' fees is a nondispositive matter for which a magistrate judge may issue an order, and not merely a report and recommendation).  In a detailed opinion ("July 25 Opinion"), Magistrate Judge Ramirez awarded Wal-Mart $23,982 in attorneys' fees and costs.

Lund challenges this award, arguing that (1) the July 25 Opinion was based on a record erroneously supplemented contrary to the Court's March 31 Opinion;  (2) the July 25 Opinion fails to detail the factual basis upon which the award was calculated; and (3) the July 25 Opinion is contrary to precedent.  Wal-Mart objects to Magistrate Judge Ramirez's calculation of what sum of attorneys' fees to award.

A Magistrate Judge's "ruling on a nondispositive matter is effective immediately, and immediately appealable to the district court." *Id.* at *7 (citing *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997)).  A district court may reconsider a Magistrate Judge's determination of a non-dispositive matter where it has been shown that the Magistrate Judge's order is "clearly erroneous or contrary to law." *Guidry v. Jen Marine L.L.C.*, No. 03-0018, 2003 U.S. Dist. LEXIS 18930, at *3 (E.D. La. Oct. 22, 2003) (quoting 28 U.S.C. § 636(b)(1)(A)).  "The 'clearly erroneous' standard is quite deferential to the Magistrate and requires the District Court to have a 'definite and firm conviction that a mistake has been committed.'" *Estate of J. Edgar Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2005 U.S. Dist. LEXIS 760, at *10 (E.D. La. Jan. 18, 2005) (*citing Concrete Pipes & Prods. of Cal., Inc. v.*

*Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993)).  The Court reviews the Magistrate Judge's legal conclusions *de novo*, and her factual findings for clear error.  *See Lahr v. Fulbright & Jaworski*, 164 F.R.D. 204, 209 (N.D. Tex. 1996).

Lund argues that Magistrate Judge Ramirez exceeded her authority by requiring Wal-Mart to supplement its Motion with detailed billing records.  Lund classifies this supplement as a reply, and argues that this Court's March 31, 2005, Opinion prohibited Wal-Mart from filing a reply to its Motion for Attorneys' Fees.  While it is true that the Order of Referral did not purport to modify this Court's March 31 Opinion, Magistrate Judge Ramirez did not order Wal-Mart to file a reply.  Instead, she required Wal-Mart to file billing statements.  Wal-Mart's supplement contained no arguments or authority.  It merely compiled the bills that had been submitted by its attorneys.  Lund and Fresh America were permitted to respond to Wal-Mart's supplement, and thus suffered no prejudice from this supplement.  In any case, by the Court's Order of Referral, Magistrate Judge Ramirez was empowered to direct the submission of any and all evidence she found was necessary for her determination of the Motion. Magistrate Judge Ramirez clearly did not exceed her authority in permitting the supplement.  The Court overrules Lund's Objection on this point.

Lund also objects that the July 25 Opinion fails to detail the factual basis upon which the award was calculated.  This Objection is without merit.  The July 25 Opinion used the lodestar method to determine the proper award.  A chart in the July 25 Opinion lists Wal-Mart's attorneys, the hours they spent, and their billing rates.  July 25 Op. at 9.  The Opinion describes the hours deducted from the amounts listed in the chart and how Magistrate Judge Ramirez

3

arrived at the $23,982 award. The Court finds that the factual basis for the award was sufficiently described and thus the Court overrules Lund's Objection on this point.

Lund's third argument is that the July 25 Opinion was contrary to precedent. The Court agrees in the typical case, an award of this size would not be made in an interpleader action. *See Noeller v. Metro. Life Ins. Co.*, 190 F.R.D. 202, 208 (E.D. Tex. 1999) ( "[T]ypically an attorney's fee in an interpleader case will be modest."). However, this was a particularly complicated interpleader action. *See* Lund Obj. at 4 ("A fair evaluation of the record reveals this is no ordinary case involving a simple, statutory interpleader."). Magistrate Judge Ramirez properly considered the complexity of this case when she determined the propriety of awarding attorneys' fees in this case. The court in *Noeller* listed five factors that should be examined in determining whether attorneys' fees should be awarded in an interpleader case. *Id.* at 207. Magistrate Judge Ramirez examined each factor and specifically commented as to how each factor weighed in her decision. The Court finds that Magistrate Judge Ramirez's analysis was not contrary to law or clearly erroneous. Therefore, the Court overrules Lund's Objection on this point.

Wal-Mart objects to the July 25 Opinion as to the amount of attorneys' fees awarded. Wal-Mart sought $48,000 in fees and costs, and was awarded $23,982. Magistrate Judge Ramirez found that Wal-Mart's request should be reduced by $24,018. Wal-Mart mentions that the amounts deducted by Magistrate Judge Ramirez were already taken into account when it reduced its fee request from the $96,500 it actually billed to the $48,000 it sought. Therefore, it argues that it should have been awarded the entire $48,000 which it requested. The evidence before Magistrate Judge Ramirez did not clearly indicate what reduction had been made, the fee

requested, or why. "In an interpleader action, the broad rule [for determining an award of attorneys' fees] is reasonableness." *Sun Life Assurance Co. v. Estate of Chan*, No. C-03-2205, 2003 U.S. Dist. LEXIS 16943, at *10 (N.D. Cal. Sept. 22, 2003) (citing *Trs. of Dirs. Guild of Am. Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000)). Magistrate Judge Ramirez exercised her discretion in determining the reasonable amount of attorneys' fees to be paid and in determining that the evidence before her did not demonstrate that proper adjustments would yield more than $23,982 in fees. There is no evidence that she abused her discretion in determining this award.

It should also be noted that the amount awarded is large compared to many other interpleader cases. While it is true that the amount requested was significantly more than the amount awarded, often attorneys' fees awards in interpleader actions are substantially less than the amount requested. *See e.g., Sternitzke v. Pruco Life Ins. Co.,* 64 Fed. Appx. 582, 583 (7th Cir. 2003) (upholding a district court's decision to grant half of the attorneys' fees requested in an interpleader action); *Trs. of the Dirs. Guild of Am. Producer Pension Benefits Plans*, 255 F.3d at 662 (upholding district court's decision to award $3,000 in attorneys' fees rather than the more than $97,000 requested); *Goat, Inc. v. Four Finger Art Factory*, No. 01-Civ-10079, 2002 U.S. Dist. LEXIS 22800 (S.D.N.Y. Nov. 15, 2002) (awarding $7,000 in attorneys' fees instead of the requested award of $27,583.10)*; Johnson v. Electrolux Corp.*, 763 F. Supp. 1181, 1189 (D. Conn. 1991) (awarding $1,000 in fees and costs rather than the $7,422.07 requested); *Chem. Bank v. Richmul Assocs.*, 666 F. Supp. 616, 619 (S.D.N.Y. 1987) (awarding $7,357 in fees and costs rather than the $26,570.44 requested). The attorneys' fees awarded reduced the $165,000

5

stake by approximately 15 percent. If Magistrate Judge Ramirez had awarded Wal-Mart the amount of attorneys' fees it had requested, the stake would have been reduced by nearly a third.

This Court cannot conclude that Magistrate Judge Ramirez's decision to award attorneys' fees less that the amount requested was unreasonable. Thus, the Court finds her well-reasoned July 25 Opinion neither clearly erroneous nor contrary to law. Therefore, the Court overrules Wal-Mart's Objection.

Magistrate Judge Ramirez's July 25 Opinion is **AFFIRMED** and the Objections are **OVERRULED.**

**SO ORDERED.**

September 1, 2005.

_____
Barbara M. G. Lynn
UNITED STATES DISTRICT JUDGE